# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| INNOVATIVE SPORTS MANAGEMENT, INC. d/b/a INTEGRATED SPORTS MEDIA, §§§§§§§§§§<br>*Plaintiff* | |
| v. | Case No. 1:23-CV-01144-DII |
| TRAMPSPORTS, LLC and MICHAEL BRANDON MCBRIDE, *Defendants* | |

## ORDER

Before the Court is Plaintiff Innovative Sports Management, Inc.'s Motion for Substitute Service, filed January 12, 2024 (Dkt. 6). By Text Order entered February 2, 2024, the District Court referred the motion to this Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.

Innovative Sports asserts claims under the Communications Act of 1934, 47 U.S.C. § 553 or § 605, against Trampsports, LLC and Michael Brandon McBride. Dkt. 1. Innovative Sports tried to serve Defendants three times without success, and now seeks to serve McBride by substitute service and Trampsports through the Texas Secretary of State under Texas Business Organizations Code § 5.251.

A plaintiff may serve an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." FED. R. CIV. P. 4(e)(1). A limited liability company may be served in the same way under Rule 4(h)(1)(A). Texas Business Organizations Code § 5.251 also permits service on the Texas Secretary of State for an entity registered with the Secretary of State if its registered

1

agent "cannot with reasonable diligence be found at the registered office of the entity." One attempt at service at the registered office "may constitute reasonable diligence if further attempts at the address would be futile." *Catlin Specialty Ins. Co. v. Montelongo Inc.*, No. SA-12-CV-711-XR, 2012 WL 5183585, at *1 (W.D. Tex. Oct. 18, 2012).

Texas Rule of Civil Procedure 106(a) permits service of process by:

> (1) delivering to the defendant, in person, a copy of the citation, showing the delivery date, and of the petition; or
>
> (2) mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and of the petition.

If service does not succeed under either provision, the serving party may file a motion for alternative service. The motion must be supported by a sworn statement listing "any location where the defendant can probably be found and stating specifically the facts showing that service has been attempted under (a)(1) or (a)(2) at the location named in the statement but has not been successful." TEX. R. CIV. P. 106(b). The motion may request alternative service:

> (1) by leaving a copy of the citation and of the petition with anyone older than sixteen at the location specified in the statement; or
>
> (2) in any other manner, including electronically by social media, email, or other technology, that the statement or other evidence shows will be reasonably effective to give the defendant notice of the suit.

*Id.* The affidavit submitted by the plaintiff must strictly comply with the requirements of Rule 106(b). *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990).

Innovative Sports' motion for substitute service is supported by the sworn affidavits of process server Emmanuel Morales. Dkt. 6 at 8-9. Morales states that he attempted to serve McBride, personally and as the registered agent for Trampsports, on October 4, 2023, at 6800 Austin Center

Boulevard, #722, Austin, Texas 78731.[1] *Id.* at 8-9, 11. No one answered the door, and a property manager told Morales that another family lived there. *Id.* at 8-9. Morales then attempted service at 8565 Research Boulevard, Austin, Texas 78758[2] on October 4, 2023 and October 10, 2023, but McBride was not present. *Id.* Morales states that he believes service could be accomplished by either delivering the complaint and summons to anyone over the age of 16 at 8565 Research Boulevard or affixing those documents to the front door. *Id.*

The Court finds that Innovative Sports has met the requirements to authorize substitute service under Texas Rule of Civil Procedure 106(b). The Court also finds that McBride could not be found with reasonable diligence at Trampsports' registered office.

For these reasons, the Court **GRANTS** Plaintiff Innovative Sports Management, Inc.'s Motion for Substitute Service (Dkt. 6) and hereby **ORDERS**:

(1) Innovative Sports Management, Inc. has an additional 90 days from the date of this Order to serve Defendants Trampsports, LLC and Michael Brandon McBride;

(2) Innovative Sports Management, Inc. is authorized to serve Trampsports, LLC by delivering a copy of the complaint and summons to the Texas Secretary of State pursuant to TEX. BUS. ORGS. CODE § 5.251; and

(3) Innovative Sports Management, Inc. is authorized to serve Michael Brandon McBride by delivering a copy of the complaint and summons to anyone over the age of sixteen at 8565 Research Boulevard, Austin, Texas 78758 or, if no person is found there, by affixing them to the front door of that address.

---

[1] Innovative Sports submits a printout from the Texas Office of the Comptroller stating that this is the registered office street address of Trampsports, and that McBride is its registered agent. Dkt. 6 at 11.

[2] Although neither Innovative Sports nor Morales explains why service was attempted at this address, it appears to be the location of Mister Tramps Sports Pub & Café, which Innovative Sports names in its Complaint as a d/b/a for both Trampsports and McBride.

It is **ORDERED** that the Clerk remove this case from this Magistrate Judge's docket and **RETURN** it to the docket of the Honorable District Court.

**SIGNED** on February 13, 2024.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE